IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY BETSA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF AVON LAKE, OHIO, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 1:25-cv-2478<br><br>DISTRICT JUDGE<br>DONALD C. NUGENT<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Pending before the Court is pro se Plaintiff Jeremy Betsa's Motion for a temporary restraining order (TRO), Doc. 23, which on January 2, 2026, the Court referred to me for a report and recommendation, Doc. 28. Defendants City of Avon Lake and its employees and representatives oppose Betsa's Motion, Doc. 25, and Betsa filed a reply brief, Doc. 29. For the reasons explained below, I recommend that the Court deny Betsa's Motion.

**Background**

On November 14, 2025, Betsa was Avon Lake's fire chief. Doc. 1, at 5. That day, he filed in this Court a nine-count Complaint against Defendant City of Avon Lake and twelve of its employees or representatives, and Defendant Local 1361 International Association of Fire Fighters and two of its officers. Doc. 1, at 1–6. Betsa states that in July and August 2025, the City disciplined and suspended him. *Id.* at 17, 20. He alleges that, in doing so, all or some of

the Defendants: violated his due process rights; violated his First Amendment rights and Ohio law when they retaliated against him for protected speech and chilled his speech; defamed him; invaded his privacy by sharing his private and medical information; violated the Ohio Public Records Act; engaged in civil conspiracy; and intentionally inflicted emotional distress. *Id.* at 25–57. Betsa also alleges that some of the Defendants' actions violated Title VII of the Civil Rights Act, the Americans with Disabilities Act, and analogous provisions of Ohio law. *Id.* at 62.

On December 15, 2025, Betsa filed an "Emergency Motion for temporary restraining order" against the City Defendants. Doc. 23. In his Motion, Betsa explained that since he filed his Complaint in mid-November, the City "served [him] with two new disciplinary documents." *Id.* at 2. Betsa alleges that these items "strongly suggest that Defendants have taken new adverse actions following [his] engaging in protected activity—including filing this lawsuit[.]" *Id.* As a result, Betsa asks the Court for an order "preventing Defendants from taking further adverse employment actions based on procedurally defective processes that threaten to interfere with [his] ability to assert his federal claims in this action." *Id.* at 3–4.

On December 29, the City defendants filed an opposition to Betsa's Motion. Doc. 25. They urge the Court to deny Betsa's Motion "based on abstention under *Younger*, *Pullman* and *Colorado River* abstention [doctrines]" and that, if the Court were to reach the merits of the Motion, the

2

Court should deny it. Doc. 25, at 1. The basis for the Defendants' abstention argument is the fact that Betsa has a pending lawsuit in state court, "wherein he has also filed a motion for a temporary restraining order seeking to enjoin the discipline against him." *Id*. at 2; Doc. 25-1 (Betsa's state-court, TRO motion). Betsa, in his Motion, concedes that he has a "parallel state-court filing" "in the Lorain County Court of Common Pleas." Doc. 23, at 3; Doc. 32-1.

The District Court referred Betsa's Motion to me on January 2, 2026. Doc. 28. That day, I set a hearing by videoconference for January 6. *See* Order, 1/2/2026. On January 5, Betsa filed a reply brief advising the Court that on December 30, 2025, the City terminated him effective December 31. Doc. 29, at 2, 6. He states that his TRO motion in this Court is not duplicative of his "state proceedings." *Id*. at 7. He also argues that abstention doctrines are "inapplicable where, as here, [he] seeks to enjoin ongoing constitutional violations rather than interfere with state adjudication of disciplinary merits." *Id*. at 7.

**Legal Standard**

When considering a TRO under Federal Rule of Civil Procedure 65, courts consider whether the plaintiff meets its burden in establishing the following four factors: (1) whether the moving party has a strong or substantial likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm unless injunctive relief is granted; (3) whether the requested relief will cause substantial harm to others; and (4) whether injunctive relief

3

is in the public interest. *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union*, 467 F.3d 999, 1009 (6th Cir. 2006); *see also Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

**Discussion**[1]

To recap, Betsa has two lawsuits pending related to the same factual matter—one in state court and one in federal court. Also pending in both cases are Betsa's TRO motions. The heart of Betsa's lawsuits, and his TRO motions, are his claims that the City suspended him, and later terminated him, in violation of Ohio law and his federal due process rights. At the TRO hearing, Betsa explained that his Ohio lawsuit focuses on his state-law claims, whereas his federal lawsuit focuses on federal claims. *See also* Doc. 23, at 3.

Betsa's state-law claim is that the City's actions violated Ohio civil-service law, including Ohio Revised Code § 124.34. *Id*. Section 124.34 outlines the steps a City such as Avon Lake must take when it suspends or removes a classified employee such as Betsa. Ohio Rev. Code § 124.34, *Reduction in pay or position— suspension—removal*. At the hearing, Betsa confirmed that he is

---

[1] The fact that the City terminated Betsa after he filed his TRO Motion does not moot Betsa's Motion. *See Porter v. Lee*, 328 U.S. 246, 251 (1946); *Detroit Int'l Bridge Co. v. Fed. Highway Admin.*, 666 F. Supp. 2d 740, 744 (E.D. Mich. 2009); *see also Balow v. Michigan State Univ.*, 24 F.4th 1051, 1062 n.8 (6th Cir. 2022).

4

not alleging that section 124.34 does not comport with due process. Rather, Betsa is only alleging that the City didn't follow section 124.34.

With these facts in mind, I turn to the analysis of Betsa's TRO motion.

*Likelihood of success on the merits*

Betsa hasn't shown a likelihood of success on his due process claim because this Court should abstain from deciding the issue under the authority of *Younger v. Harris*, 401 U.S. 37 (1971).

"Under *Younger* abstention … a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citations omitted). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *Id.* (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).

A federal court must abstain under *Younger* from granting injunctive when three requirements are satisfied: "(1) there must be [related] on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (quoting *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)).

5

These three requirements are satisfied here. First, Betsa has a related, on-going judicial proceeding in the Lorain County Court of Common Pleas. Second, whether Ohio cities correctly follow Ohio law when suspending a classified employee is an important state interest. And third, Ohio courts provide an opportunity to raise constitutional challenges.[2]

Betsa argues that his Ohio case only alleges state-law violations and that his federal case only alleges federal law violations. But in his federal complaint, Betsa has alleged that the City "failed to honor" the rights established in Ohio Revised Code § 124.34. Doc. 1, at 27, ¶78. Moreover, in his Ohio complaint, Betsa alleges a violation of due process rights under Article I, section 16 of the Ohio constitution. Doc. 32-1, at 5–11. But "[b]ecause Ohio and federal law offer virtually the same due process protections, Ohio courts will look to the decisions of the United States Supreme Court to interpret Ohio's Due Process Clause." *Simone v. Cleveland*, No. 1:23-cv-1114, 2023 WL 8480083, at *3 (N.D. Ohio Dec. 7, 2023); *see also Walsh v. Erie Cnty. Dep't of Job & Fam. Servs.*, 240 F. Supp. 2d 731, 757 (N.D. Ohio 2003) ("'due course of law' under § 16 of the Ohio Constitution has the same meaning as 'due process

---

[2] Betsa has not argued, or met his burden to show, that any of the narrow *Younger* exceptions would apply. *See Gunderson v. Burnaugh*, No. 2:25-cv-301, 2025 WL 1424634, at *3 (S.D. Ohio May 15, 2025) (listing the *Younger* exceptions: "(1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith"; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions"; and "(3) there is 'an extraordinarily pressing need for immediate federal equitable relief'") (citations omitted).

6

of law' under the federal Constitution. Thus, there is no difference respecting due process of law in the Constitution of the United States and that of Ohio.").

Even if Betsa had cleanly separated his state-law and federal claims in the relevant venues, which he has not done, abstention under *Younger* would still be warranted. This is so because Betsa's procedural due process claim is inextricably intertwined with his state-law procedural issues which he has raised in his state case. Indeed, Betsa concedes that he is not arguing that Ohio's disciplinary and termination procedures are unconstitutional. This means that if the City properly adhered to Ohio law when it suspended and terminated Betsa, it necessarily *did not* violate Betsa's due process rights.[3] And Betsa has only asked the Ohio court—not this Court—to determine whether the City properly adhered to Ohio law. So the Ohio court should resolve Betsa's state-law claim before this Court wades into Betsa's related due process claim. *See, e.g., United States v. Neal*, 611 F.3d 399, 402 (7th Cir. 2010) ("Unless the procedures established by statutes, rules, and the common law are challenged as insufficient, there is neither need nor justification for constitutional decisionmaking."); *see Jean v. Nelson*, 472 U.S. 846, 854 (1985) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a 'fundamental rule of judicial restraint.'") (citations omitted); *New York City Transit Auth. v. Beazer*, 440

---

[3] If the state court were to find that the City did not properly adhere to Ohio law, then whether the City's actions also violated Besta's due process rights would be a separate issue for a court to resolve.

7

U.S. 568, 582 (1979) ("Before deciding the constitutional question, it was incumbent on those courts to consider whether the statutory grounds might be dispositive."); *see Crook v. Baker*, 813 F.2d 88, 91 (6th Cir. 1987) ("It is obvious that if it were determined that the Regents had not the power, under Michigan law, to revoke the degree, that would have ended the matter, and it would have not been necessary, indeed would not have been proper, to have decided the federal constitutional question. That being so, the district court should have first resolved Crook's state law contention.").

As for Betsa's claims alleging First Amendment violations and violations of the Americans with Disabilities Act (ADA) and Rehabilitation Act, he has not carried his heavy burden to show he is entitled to injunctive relief. At the hearing, Betsa focused on his due process claim. In his memorandum in support of his TRO motion, Betsa says that he "engaged in protected activity by filing this federal lawsuit, asserting ADA and Rehabilitation Act protections, and previously disclosing medical information in HR processes." Doc. 23-4, at 3. These statements referencing the ADA and Rehabilitation Act are insufficient to show that Betsa would have a likelihood of success on the merits of these claims.

And in support of his First Amendment claim, Betsa states that "the Defendants initiated … new disciplinary action immediately after" Betsa filed his lawsuit. Doc. 23-4, at 4. But in his Motion, Betsa references a "new disciplinary document[]" dated November 12, 2025, Doc. 23, at 2, which is two

8

days before he filed his lawsuit, Doc. 1, at 66. And in his reply brief, Betsa references a late-October "investigative brief" that the City issued to him. Doc. 29, at 3. So Betsa's reliance in his motion brief on temporal proximity alone to show that the City retaliated against him for filing this lawsuit is not sufficient to show a likelihood of success on the merits.

*Irreparable harm*

Betsa has not shown irreparable harm. Because this Court should abstain from the merits of Betsa's due process claim, he has not shown that he could succeed in federal court on this claim. And Betsa has not shown a likelihood of success on his First Amendment claim. So any alleged constitutional violation, alone, cannot serve as irreparable harm. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) (explaining that while a constitutional violation alone can cause irreparable harm, such a presumption of is unwarranted when there is no likelihood of success on the merits of the claims). Betsa argues that he has suffered and will suffer financial pain for losing his job and health benefits. But "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Overstreet*, 305 F.3d at 579 ("The Court concludes that Mr. Overstreet will not suffer irreparable harm by virtue of the fact that he may lose his job while this litigation is pending…. Indeed, '[t]he loss of a job is quintessentially reparable

9

by money damages.') (citation omitted); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("a plaintiff's harm is not irreparable if it is fully compensable by money damages").

At the hearing, Betsa argued that his termination resulted in immediate loss of health insurance, which not only he but also his family rely on. The City stated that if Betsa were to prevail, he would be entitled to back-benefits as well as back pay. Because Betsa's job loss and attendant benefit loss is reparable by money damages, *see Overstreet*, 305 F.3d at 579, he has not shown that he will suffer irreparable harm.

*Substantial harm to others and public interest*

For the third factor, Betsa argues that the City would not be harmed if he were reinstated because it has not yet hired a fire chief to replace him. For the fourth factor, Betsa submits that the public interest is served by holding public officials accountable for any wrongdoing. In response, the City says that the public has an interest in a properly run fire department. These factors do not weight heavily on either side, but slightly favor the City.

*Balancing of factors*

All of the factors favor the City, including the most important factor of the likelihood of success on the merits. I therefore recommend that the Court deny Betsa's TRO Motion, Doc. 23.

**Conclusion**

For the reasons explained above, I recommend that the Court deny Betsa's TRO Motion, Doc. 23.

Dated: January 7, 2026

                                                 */s/ James E. Grimes Jr.*
                                                 James E. Grimes Jr.
                                                 U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).