IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY BETSA,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF AVON LAKE, OHIO, *et al.*,<br><br>        Defendants. | CASE NO. 1:25-cv-2478<br><br>DISTRICT JUDGE<br>DONALD C. NUGENT<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

The City of Avon Lake, Ohio and eleven other Defendants move to stay this litigation. Doc. 38. As is discussed, Defendants' motion is denied.

*Discussion*

In November 2025, Plaintiff Jeremy Betsa filed a complaint against the City of Avon Lake and several city officials. *See* Doc. 1. Betsa raised federal and state-law claims. *Id*. at 23–62.

On December 15, 2025, Betsa filed in the Lorain County Court of Common Pleas a complaint against the City for declaratory and injunctive relief. *See* Doc. 32-1. With that complaint, Betsa filed an "emergency motion for temporary restraining order and request for expedited hearing." Doc. 25-1. Later that day, he filed in this action a similar "emergency motion for a temporary restraining order." Doc. 23.

After a hearing in this case, the Court issued a report recommending that Betsa's motion for a temporary restraining order be denied. Doc. 33. In

doing so, the Court noted that "[a] federal court must abstain under [*Younger v. Harris*, 401 U.S. 37 (1971)] from granting injunctive [relief] when three requirements are satisfied." *Id*. at 5. The Court then determined that the requirements were met such that injunctive relief was not warranted. *Id*. at 6–9.

The City Defendants now move to stay this litigation under *Younger*. Doc. 38. Betsa opposes Defendants' motion, Doc. 40.

At the outset, it is important to distinguish the circumstances surrounding Defendants' request to stay this litigation from the circumstances surrounding Betsa's motion for a temporary restraining order. Betsa's motion in this case asked the Court to intervene and stop an on-going disciplinary process. *See* Doc. 23, at 4. But Betsa sought this relief in this Court *after* filing an emergency motion in state court seeking similar relief. *See* Doc. 25-1, at 5. Under Sixth Circuit precedent, abstention in this circumstance under *Younger* is appropriate. *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); Doc. 33, at 6–9; *cf. Younger*, 401 U.S. at 45 ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions").

By contrast, Defendants don't want the Court to intervene to stop anything. They want the Court to decline to adjudicate this case in favor of litigation in state court. *See* Doc. 38, at 2–4. But declining to adjudicate a case within a court's jurisdiction is not how federal courts ordinarily operate.

Instead, "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not 'refus[e] to decide a case in deference to the States.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citation omitted).

Somewhat recognizing this fact, Defendants cite *O'Neill* and say that they've met the three criteria discussed there for abstaining. *Id.* at 3–4; *see Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982) (setting out the criteria). But this assertion puts the cart before the horse.

Before deciding whether a case fits under the *Middlesex* criteria, a court considering whether to abstain under *Younger* must first decide whether the state-court proceeding at issue fits within one of the three categories set out in *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) ("NOPSI"). *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017). Only if the state-court proceeding "fit[s] into one of the three *NOPSI* categories …, [does] the court evaluate[] the proceeding using a three-factor test" set out in *Middlesex*. *See Doe*, 860 F.3d at 369. Under that three-factor test, the Court asks whether:

> (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims.

*Id.* (citing *Middlesex*, 457 U.S. at 432–34); *see also* Doc. 38, at 3–4 (arguing that abstention is warranted under the three-factor test).

As to the threshold question, *Younger* abstention applies if a federal proceeding would "interfer[e] with the functions of state criminal prosecutions." *Doe*, 860 F.3d at 368. And "[w]hile *Younger* abstention may apply to" two other circumstances "outside of the criminal context, 'such applications are narrow and exist only in a few exceptional circumstances.'" *Snyder v. Vill. of Luckey, Ohio*, No. 22-cv-2282, 2024 WL 556134, at *5 (N.D. Ohio Feb. 12, 2024) (quoting *Doe*, 860 F.3d at 369), *aff'd*, No. 24-3530, 2025 WL 3269361 (6th Cir. Nov. 24, 2025). Outside the criminal context, those circumstances include "'certain civil enforcement proceedings'" that "'are akin to criminal prosecutions,'" and "'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, such as contempt orders.'" *Id.* (quoting *Doe*, 860 F.3d at 369).

The action Betsa filed in Lorain County is not a criminal proceeding. Defendants, though, claim that "the state and civil service proceedings below are 'akin' to a criminal matter." Doc. 43, at 3. The Lorain County action, however, was not initiated by a state actor, as would be the case in a criminal prosecution, and it was not "initiated to sanction" Betsa. *Doe*, 860 F.3d at 369. Further, in their motion, Defendants ask this Court to "stay … this case until resolution of the parallel state law proceeding," Doc. 38, at 1, which they identify as the action that Betsa filed in Lorain County, *id.* at 2. So Defendants

haven't moved to abstain in deference to state disciplinary proceedings. Rather, they've asked to abstain in deference to the action that Betsa filed in Lorain County. *See* Doc. 38, at 1–3. Defendants are therefore conflating the underlying disciplinary proceeding and appeals from it with the state-court action filed in Lorain County that is the basis for their motion. *See* Doc. 38, at 1 ("mov[ing] this Honorable Court for a stay of this case until resolution of the parallel state law proceeding"), 3 ("The first criteria is satisfied. At the time this action was filed Plaintiff had a parallel state law proceeding pending. That action satisfies the parallel proceeding requirement."); *see also* Doc. 43, at 5 (arguing in their reply that the state disciplinary proceedings "are parallel state law proceedings sta[r]ted by the state").

Moreover, although they recognize the third category to which abstention might apply—"orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, such as contempt orders," *Doe*, 860 F.3d at 369—they assert that these limited *NOPSI* categories are "not so narrowly applied." Doc 43, at 3. But the Sixth Circuit has made plain that "applications" of *Younger* outside the criminal context "are narrow and exist only in a few exceptional circumstances." *Doe*, 860 F.3d at 369. Defendants' motion thus fails at the threshold because they have not shown that Betsa's state-court action is among the narrow circumstances to which *Younger* might apply.

Even if Defendants showed that the Lorain County action meets one of the *NOPSI* criteria, which they haven't, they haven't met the conjunctive test in *Middlesex*. And this is because "[t]he *first* condition for the application of *Younger* abstention is that the state proceeding *must* be pending on the day the plaintiff sues in federal court." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (emphasis added). Here, Betsa filed his federal action a month before he filed his state-court complaint.[1] *Compare* Doc. 1, *with* Doc. 32-1. This fact alone dooms Defendants' request.

Further, while Defendants argue that they've met the second *Middlesex* factor, that the proceedings involve an important state interest, they've once again conflated Betsa's state-court action, to which they've asked the Court to defer, with the state disciplinary process. *See* Doc. 38, at 3.

Finally, although there is no reason to doubt that Betsa can vindicate his constitutional claims in state court, in light of the foregoing, Defendants have not shown that the Court should stay this litigation under *Younger*.

*Conclusion*

Defendants' motion to stay, Doc. 38, is denied.

Dated: January 28, 2026

 */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

---

[1]    In their motion, Defendants say that Betsa filed his state-court complaint in November and his complaint in this Court in December. Doc. 38, at 1–2. The Defendants have this backwards. Betsa filed his complaint here in November and his state-court complaint in December. *Compare* Doc. 1, *with* Doc. 32-1.